107 F.3d 5
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
UNITED STATES of America, Appellee,
v.
Timothy J. SEAGROVES, Defendant-Appellant.
 No. 96-1431.
 United States Court of Appeals, Second Circuit.
 Jan. 7, 1997.
 
 1
 Appearing for Appellant: Paul S. Volk, Blodgett, Watts & Volk, Burlington, Vt.
 
 
 2
 Appearing for Appellee: John P. Tavana, Ass't U.S. Att'y, D. Vt., Burlington, Vt.
 
 
 3
 D.Vt.
 
 
 4
 AFFIRMED.
 
 
 5
 Before KEARSE, CARDAMONE, Circuit Judges, and POLLACK, District Judge*.
 
 
 6
 This cause came on to be heard on the transcript of record from the United States District Court for the District of Vermont, and was argued by counsel.
 
 
 7
 ON CONSIDERATION WHEREOF, it is now hereby ordered, adjudged, and decreed that the judgment of said District Court be and it hereby is affirmed.
 
 
 8
 Defendant Timothy J. Seagroves appeals from a judgment entered in the United States District Court for the District of Vermont following his plea of guilty before William K. Sessions III, Judge, convicting him of mail fraud, in violation of 18 U.S.C. § 1341, and conspiracy to commit arson, in violation of 18 U.S.C. § 371, and sentencing him principally to 70 months' imprisonment to be followed by a three-year term of supervised release. On appeal, Seagroves challenges his sentence, contending principally that the district court erred in finding (1) that he "knowingly" created a substantial risk of death or serious bodily injury to another within the meaning of Guidelines § 2K1.4(a)(1), and (2) that he destroyed a "dwelling" within the meaning of that section. For the reasons that follow, we affirm.
 
 
 9
 The Guidelines with respect to arson offenses provide for an offense level of 24 if the offense either "(A) created a substantial risk of death or serious bodily injury to any person other than a participant in the offense, and that risk was created knowingly; or (B) involved the destruction or attempted destruction of a dwelling." Guidelines § 2K1.4(a)(1). With respect to part (A) of this section, the record before the district court showed that Seagroves caused the burning of a building tenanted by several commercial enterprises other than his own. Though Seagroves contends that he had attempted to eliminate any risk of personal injury by checking through the premises and locking the doors, the risk was not eliminated because the other tenants had keys to the doors he locked, and Seagroves's actions were taken an hour before the time he had set for the fire to begin. Further, the arson occurred on a Friday night; the building was located in a downtown area in which there were a number of bars and restaurants, and hence was an area frequented by substantial numbers of people, especially on a Friday night; and the arson caused an explosion that sent glass and debris flying. Accordingly, the district court's finding that Seagroves knowingly created a substantial risk of death or serious bodily injury to persons other than the participants in the arson was supported by the record. The ruling that Seagroves's offense level was 24 under part (A) of § 2K1.4(a)(1) was correct.
 
 
 10
 Although in his brief on appeal Seagroves argued that part (A) of § 2K1.4(a)(1) was inapplicable unless the court could find that he "was aware that his conduct would in fact cause serious bodily injury or death to others" (brief on appeal at 5), that contention was abandoned at oral argument. In any event, the contention has no merit since the word "knowingly" plainly applies to the creation of the risk, not to any certainty that the harm would come to pass.
 
 
 11
 Given our conclusion that there was no error in the district court's application of part (A) of § 2K1.4(a)(1), and given that parts (A) and (B) are stated in the disjunctive, we need not address Seagroves's challenge to the court's interpretation of the term "dwelling" in part (B) of that section.
 
 
 12
 We have considered all of Seagroves's contentions on this appeal and have found in them no basis for reversal. The judgment of the district court is affirmed.
 
 
 
 *
 Honorable Milton Pollack, of the United States District Court for the Southern District of New York, sitting by designation